BANK OF AVON, Respondent, v. SMITH, State Superintendent of Banks, Appellant.

(222 N. W. 936.)

(File No. 6566. Opinion filed January 5, 1929.)

*T. B. Thorson,* of Pierre, *Roy E. Willy,* of Sioux Falls, *Orvis & French,* of Yankton, and *F. M. Scoblic,* of Tyndall, for Appellant.

*Walker & Gurley,* of Armour, *Wicks & Quinn,* of Scotland, S. D., and *G. M. Caster,* of Lake Andes, for Respondent.

BURCH, P. J. This action is brought by the Bank of Avon to recover upon a certificate of deposit alleged to have been issued by the Security Bank of Tyndall. The Security Bank is insolvent and in the hands of the superintendent of banks for liquidation. Defendant, F. R. Smith, is the superintendent of banks. All facts were stipulated and found by the court as stipulated.

Both banks are corporations. At all times material to the issue involved George E. Pfeifle was the cashier and managing officer of the Security Bank, defendant. On January 6, 1925, said Pfeifle issued to E. J. Kiehlbauch, cashier of the Bank of Avon, plaintiff, a certificate of deposit, for the use and benefit of the said Bank of Avon, in the sum of $8,000, on the regular from of the Security Bank. This certificate had its inception in a fraudulent scheme of Pfeifle and one Frank R. Beddow, who conspired to issue certificates of deposit upon the regular forms then in use by the Security Bank and to negotiate them for their own use and benefit. Beddow was in no way connected with the Security Bank as an officer, agent, or employee. Such certificates were to be made payable to the order of such persons as Beddow would designate, and were to be delivered to Beddow or his representative for negotiation. No record was to be made in the books of the bank, and the bank was to receive no consideration therefor. In furtherance of this scheme, Pfeifle took from the vaults of the Security Bank the last-numbered pad of blank certificates of deposit, containing 100 blanks, and issued therefrom a number of false, fraudulent, and fictitious certificates, the certificate in suit

being one of them. It was issued to plaintiff by reason of the following transaction: On or about the 4th day of January, 1925, Kiehlbauch was in the city of Tyndall on business at the courthouse. While there he was called by telephone to the office of Charles Aardapple, an abstractor and real estate broker. When Kiehlbauch arrived at the office Aardapple told him that Frank Beddow had, or was procuring from the Security Bank, defendant, a certificate of deposit in the sum of $8,000, which he was getting from the bank in payment for promissory notes that he had discounted with the bank; that Beddow decided to sell the certificate to get money needed in the handling of other lands; and that he (Beddow) had requested Aardapple to find a purchaser for the certificate. Aardapple then offered to sell the certificate to Kiehlbauch or the Bank of Avon, of which Kiehlbauch was cashier, and offered out of the proceeds to pay a note that he (Aardapple) owed to Kiehlbauch's sister, which was held in the Bank of Avon as collateral, and to take up and pay a note of one George Bertus, to whom Beddow was indebted, the Bertus note being at that time owned and held by the Bank of Avon. Kiehlbauch replied that the bank had money that it could spare in the purchase of the certificate if the certificate was all right. Aardapple replied that if Kiehlbauch preferred he could have the certificate of deposit issued direct to Kiehlbauch. After this conversation Kiehlbauch returned to Avon, and a day or two later Aardapple came to the Bank of Avon, having with him the certificate of deposit which forms the basis of this action issued to Kiehlbauch as the depositor and payee. Kiehlbauch, negotiating for the certificate, called the Security Bank of Tyndall by telephone, and the call was answered by Pfeifle, and Pfeifle assured Kihlbauch that the certificate was all right, that it was a valid and binding obligation of the Security Bank, and that it was given in payment of notes purchased of Beddow. Kiehlbauch then called the board of directors of his bank together, showed them the certificate Aardapple was offering to sell, and one of the board of directors telephoned to the Security Bank, was answered by Pfeifle, and received the same assurance as to the validity of the certificate. Thereupon the Bank of Avon purchased the certificate, paying therefor Aardapple's promissory note of $331.06, the Bertus note, amounting to $1,505.72, and the sum of $5,843.22 in cash. No record of the issuance of the certificate was ever made in the books of the Security Bank,

and the Security Bank never received any consideration therefor, either by a deposit of money or of notes purchased, but the certificate was fictitious. The plaintiff, Bank of Avon, acted in good faith, believing and relying upon the statements made by Pfeifle in response to the telephone calls and upon the apparent validity of the certificate offered, and had no knowledge of any irregular, false, or fraudulent transaction in connection therewith, except that the plaintiff knew that it was not issued for money actually deposited, but that it was claimed to have been issued for notes discounted.

The trial court concluded that the defendants are estopped to question the validity of the certificate of deposit, and awarded a judgment for plaintiff for the sum of $8,000, and interest. Defendants appeal from the judgment.

The principal question on this appeal involves the liability of appellant upon the false, fraudulent, and fictitious certificate issued by Pfeifle without authority in the interest of himself and others in furtherance of a conspiracy and against the interest of appellant. The same question was presented in Citizens' State Bank v. Security Bank of Tyndall (S. D.), 222 N. W. 932, filed herewith, where the question is discussed and decided against appellant. That case involved another certificate of the same character, issued by the same officer, in furtherance of the same fraudulent scheme, and is authority on this question.

There is one question in this case not in the Citizens' State Bank Case. The certificate there purported to be for money deposited. Here respondent knew that no money was in fact deposited, but respondent was informed and believed that the certificate was issued in payment of notes discounted.

Appellant contends that this fact renders the certificate void in the hands of respondent. In both cases the certificate involved was in fact false and not issued for any consideration. However, appellant being estopped to deny that it issued the certificate representing it to be valid and issued for notes discounted, it must be treated as though that was true. Will that fact prevent respondent's recovery? Appellant's contention is that a bank has no power to issue a certificate of deposit in payment of notes discounted, but that such certificate can issue only for money actually deposited. They cite Henderson v. Farmers' Savings Bank, 199

Iowa, 496, 202 N. W. 259, as supporting this contention. In that case certificates of deposit were issued in exchange for notes representing the purchase price of corporate stock. The bank became insolvent, and such certificates were filed as claims for deposit entitled to preference. The court held that the certificates were void and unenforceable for any purpose, but predicated that holding upon statutory restrictions limiting savings banks in contracting indebtedness under the circumstances disclosed to the following purposes: (1) For expenses; (2) for deposits; (3) to pay depositors. Under those restrictions it is apparent that a savings bank had no authority to borrow money or incur indebtedness to discount notes, and for that reason it was held that the issuance of the certificate was a transaction prohibited by law. In the instant case appellant had power to discount notes, and, while it might not be authorized to issue certificates of deposit in payment, it was not unlawful to purchase the notes and to incur indebtedness for that purpose. A certificate issued under such circumstances might not be valid as a certificate of deposit entitling it to share in the depositors' guaranty fund or other rights peculiar to certificates of deposit or depositors, but it certainly ought not to be void as an obligation of the bank. The relief here sought is not to establish the certificate as a valid deposit, but to establish it as an obligation of the bank. As the bank is estopped to deny the apparent transaction, then it ought to be liable as though the certificate was issued by it for notes discounted. If it had in fact been so issued we do not believe the bank could escape all liability. Though the certificate would not be valid as a certificate of deposit making the holder a depositor, it would nevertheless be good as a promissory note making the holder a creditor. Gold-Stabeck Loan & Credit Co. v. Security State Bank, 37 S. D. 239, 157 N. W. 660.

However, respondent cannot recover more than it in good faith paid. It took the certificate at a discount of 4 per cent., and paid only the two notes and $5,843.22 in cash. There is no evidence as to the value of the notes accepted in part payment for the certificate, and under the theory upon which the trial below proceeded the actual cash value of such notes was not particularly material nor necessary to be established or controverted.

The judgment of the trial court is therefore reversed and the cause remanded, with direction to allow respondent to elect to

accept judgment for $5,843.22, the amount of cash paid out, together with interest from date of payment to date of suspension, or to retry the case, where the value of the notes can be ascertained and included in the judgment. No costs to be taxed in this court.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.